UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tadhg Canniffe, | No. 2:22-cv-01470-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Ruth Johnson, et al., | |
| Defendants. | |

     Defendants Ruth Johnson and Rebecca Gomez, who appear pro se, removed this unlawful detainer action from the Superior Court of the County of Sacramento. *See* Not. Removal, ECF No. 1. The court has reviewed the complaint and notice of removal and has determined on its own motion that it lacks subject matter jurisdiction. This action is thus **remanded** to the state court.

     When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332.

     First, under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Second, under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are completely diverse. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

Here, plaintiff Tadhg Canniffe alleges defendants are living unlawfully in a residential property plaintiff owns. *See* Compl. ¶¶ 2–9, ECF No. 1 at 6–8. Plaintiff asserts one state law claim for unlawful detainer and no federal claims. *See generally id.* The parties are not diverse, and no allegations in the complaint suggest the amount in controversy is greater than $75,000. *See id.* at 6 (stating that "amount demanded does not exceed $10,000"). The court therefore lacks subject matter jurisdiction.

Defendants argue that this court has jurisdiction over the matter under both § 1331 and under § 1441 "because Defendant's Demurrer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." Not. Removal at 2. However, there are no federal claims or laws at issue and even if defendants asserted a defense based on federal law, which they do not, a defendant cannot create a federal question by asserting such a defense. *See Vaden*, 556 U.S. at 60.

A federal district court may remand a case on its own motion where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). This action is thus **remanded** to the Superior Court of the County of Sacramento.

IT IS SO ORDERED.

DATED: August 25, 2022.

CHIEF UNITED STATES DISTRICT JUDGE